# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02134-RPM-MEH

DARWIN MORRIS,

      Plaintiff,

v.

DEPUTY SHERIFF NATHAN OPSAHL, and
SHERIFF OF SUMMIT COUNTY COLORADO, in his official capacity,

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER
_____

      Each party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Fed.R.Civ.P. 26(c) concerning the treatment of Confidential and Confidential – For Attorney's Eyes Only Information (as hereinafter defined) and, as grounds therefore, state as follows:

      1.    In this action, at least one of the Parties has sought and/or may seek Confidential and/or Confidential – For Attorney's Eyes Only Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential and/or Confidential – For Attorney's Eyes Only Information during discovery and that there will be questioning concerning Confidential and/or Confidential – For Attorney's Eyes Only Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential and/or Confidential – For Attorney's Eyes Only Information except as set forth herein.

2. "Confidential Information" and "Confidential – For Attorney's Eye's Only" means any document, file, portions of files, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that a party believes is confidential and implicates common law and statutory privacy interests of the individuals who are named and which are not made available to the public, and as to which a reasonable expectation of privacy or confidentiality exists.

3. Information designated as Confidential or Confidential – For Attorney's Eye's Only must first be reviewed by the attorney for the designating party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). *Gillard v. Boulder Valley Sch. Dist.,* 196 F.R.D. 382, 386 (D. Colo. 2000).

4. Where Confidential or Confidential - For Attorney's Eye's Only Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manners:

    a. By imprinting the word "Confidential" or "Confidential - For Attorney's Eyes Only" on the first page or cover of any document produced;

    b. By imprinting the word "Confidential" or "Confidential - For Attorney's Eyes Only" next to or above any response to a discovery request;

    c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" or "Confidential - For Attorney's Eyes Only" no later than ten (10) calendar days after receipt of the transcribed testimony.

5. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

6. All Confidential – For Attorney's Eyes Only Information which is provided in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b.    It shall not be communicated or disclosed by any Party's counsel to their client, or used in this case if and until the steps set forth in paragraph 12 have been satisfied.

7. Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, their undersigned counsel, and self-insurance representatives, shall hold all such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

8. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

9. During the pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 6 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, counsel may then seek a court order requiring inspection under terms conditions deemed appropriate by the Court.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein. Nothing herein shall be construed as precluding the provision of actual copies of designated documents provided the provisions of paragraph 5 are followed.

11. A party may object to the designation of particular information as Confidential by giving written notice to the party designating the disputed information at any time. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the designating party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with

this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

12. If after review of information designated as Confidential – For Attorney's Eyes Only, counsel requests that a certain document or documents be produced as "Confidential," counsel must confer with opposing counsel and attempt to reach an agreement. If the parties cannot resolve the objection within ten (10) business days after the time of conferral, it shall be the obligation of the designating party to file a motion with the Court seeking an *in camera* review of the disputed documents and requesting that the Court make a determination as to the discoverability of the disputed documents. Said motion shall be filed as "restricted" pursuant to the terms of D.C.COLO.LCivR 7.2. After inspection, should the Court determine that some or all of the submitted documents are discoverable, the designating party will label those documents as "Confidential" and they shall be subject to all terms of this Protective Order pertaining to Confidential Information.

13. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the filing party shall ascertain whether the Confidential Information should be filed as a restricted document under D.C.COLO.LCivR 7.2. The parties agree to confer in advance of submitting Confidential Information to the Court in order to resolve any disputes over whether access should be restricted and to provide a non-moving party the opportunity to file a motion under D.C. COLO.LCivR 7.2. If the Parties agree access should be restricted, the Confidential Information shall be filed in accordance with D.C. COLO.LCivR 7.2. The fact that this protective order has been entered into by any party shall not

in any way preclude a party from opposing a motion to restrict public access to designated documents or otherwise contesting whether a document is properly designated.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential and/or Confidential – For Attorney's Eyes Only Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party or destroy all Confidential and/or Confidential – For Attorney's Eyes Only Information provided subject to this Protective Order.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court pursuant to Fed.R.Civ.P. 26(c), or from filing a motion with respect to the manner in which Confidential and/or Confidential – For Attorney's Eyes Only Information shall be treated at trial.

18. The parties agree that in the event information or documentation is inadvertently disclosed to an opposing party, any information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the parties agree that no recipient of inadvertently disclosed information or

documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

**DATED** this 30th day of November, 2012

**BY THE COURT:**

s/Richard P. Matsch

_____
Richard P. Matsch
United States District Court Judge

**STIPULATED AND AGREED TO:**

s/ Anna Holland Edwards
*Anna Holland Edwards*
Erica Grossman
John Holland
Holland, Holland Edwards & Grossman, P.C.
1437 High Street
Denver, CO 80218
(303) 860-1331
*Attorneys for Plaintiff Darwin Morris*

s/ Eric M. Ziporin
*Eric M. Ziporin*
DJ Goldfarb
Senter Goldfarb & Rice, LLC
1700 Broadway, Suite 1700
Denver, CO 80290
(303) 320-0509
*Attorneys for Defendant Nathan Opsahl*

s/ Josh A. Marks
*Josh A. Marks*
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
(303) 402-1600
*Attorney for Defendant Sheriff of Summit County Colorado*